UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

WESLY BECKMAN,

      Plaintiff,                                      DEMAND FOR JURY TRIAL

 -vs-                                          Case No.
                                              Hon.

LUNGHAMER FORD OF OWOSSO, LLC,
DORT FINANCIAL CREDIT UNION, and
APRIL MARIE LOCKHART,

      Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3. The Plaintiff to this lawsuit is Wesly Beckman who resides in Owosso, Michigan in Shiawassee County.

1

4.   The Defendants to this lawsuit are as follows:

a.   LUNGHAMER FORD OF OWOSSO, LLC ("LFOOLLC") which is a corporation doing business in Shiawassee County, Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, State of Michigan, Cashier's Unit, 7064 Crowner Dr., Dimondale, MI 48821.

b.   DORT FINANCIAL CREDIT UNION ("DFCU"), which is a financial institution doing business in the Eastern District of Michigan.

c.   APRIL MARIE LOCKHART ("LOCKHART") an individual who resides in Michigan.

5.   Under M.C.L. § 492.114a and pursuant to the express terms of the contract, DFCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

**VENUE**

6.   The first named Defendant does business within the boundaries of this Court in Shiawassee County.

7. Venue is proper in the United States District Court for the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

8. On or about April 6, 2023, Defendant LOCKHART leased a certain 2022 Ford Bronco, VIN 1FMDE5BH3NLB88937 ("the vehicle") from Defendant LFOOLLC.

9. On or about April 27, 2024, LOCKHART had the vehicle serviced and on that date, the actual mileage of the vehicle was recorded as 33,641 miles.

10. On or about September 10, 2024, LOCKHART had the vehicle serviced and on that date, the actual mileage of the vehicle was recorded as 46,560 miles.

11. On or about December 19, 2024, LOCKHART had the vehicle serviced and on that date, the actual mileage of the vehicle was recorded as 50,645 miles.

12. On or about January 1, 2025, LOCKHART had the vehicle serviced and on that date, the actual mileage of the vehicle was recorded as 50,708 miles.

13. On or about July 24, 2025, LOCKHART had the vehicle serviced and on that date, the actual mileage of the vehicle was recorded as 60,657 miles.

14. On or about September 4, 2025, LOCKHART transferred title to LFOOLLC and represented to LFOOLLC that the vehicle's mileage was 24,042 actual miles.

15. When LOCKHART represented to LFOOLLC that the actual mileage on the vehicle was 24,042 miles , that statement was false, LOCKHART knew it was false, and LOCKHART made the false statement with the intent of cheating subsequent purchasers such as Plaintiff.

16. When LOCKHART represented to LFOOLLC that the actual mileage on the vehicle was 24,042 miles, that statement was false and FLFOOLLC knew it was false.

17. On or about November 14, 2025, Plaintiff purchased the vehicle from LFOOLLC and LFOOLLC represented to Plaintiff that the actual mileage on the vehicle was 24,197 miles.

18. When LFOOLLC represented to Plaintiff that the actual mileage on the vehicle was 24,197 miles , that statement was false, LFOOLLC knew it was false, and LFOOLLC made the false statement with the intent of cheating the Plaintiff.

19. The retail installment contract is currently held by DFCU.

20. Before consummating the purchase of the vehicle, LFOOLLC made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. That the vehicle had 24,197 actual miles on it.

21. Before executing the purchase agreement, LFOOLLC made the following specific representations which constituted express warranties:

   a.   That the vehicle had 24,197 actual miles on it.

22. The vehicle did not meet LFOOLLC's specific representations which constituted express warranties.

23. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

24. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

## COUNT  I -- Federal Odometer Act

## (LFOOLLC & DFCU)

25. Plaintiff incorporates the preceding allegations by reference.

26. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, DFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

27. By failing to provide Plaintiff with a legal and conforming odometer disclosure at the time of sale, LFOOLLC has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

28. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

29. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Plaintiff.

30. LFOOLLC knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

31. LFOOLLC knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Plaintiff.

32. Plaintiff suffered damages as a result of the violations set forth herein.

### COUNT II -- Michigan Odometer Act

### (LFOOLLC & DFCU)

33. Plaintiff incorporates the preceding allegations by reference.

34. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, DFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

35. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

36.    The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold.

37.    LFOOLLC knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

38.    Plaintiff suffered damages as a result of the violations set forth herein.

## COUNT  III  -- Federal Odometer Act

## (LOCKHART)

39.    Plaintiff incorporates the preceding allegations by reference.

40.    LOCKHART falsely represented on the transfer of title that the actual mileage was 24,042 when, in fact, the actual mileage was in excess of 60,000 miles.

41.    This false statement was made with the intent to defraud.

42.    Upon information and belief, LOCKHART tampered with the odometer and rolled it back over 36,000 miles.

43.    Plaintiff suffered damages as a result of the violations set forth herein.

## COUNT  IV  -- Michigan Odometer Act

## (LOCKHART)

44.    Plaintiff incorporates the preceding allegations by reference.

45.    LOCKHART falsely represented on the transfer of title that the actual mileage was 24,042 when, in fact, the actual mileage was in excess of 60,000 miles.

46. This false statement was made with the intent to defraud.

47. Upon information and belief, LOCKHART tampered with the odometer and rolled it back over 36,000 miles.

48. Plaintiff suffered damages as a result of the violations set forth herein.

## <u>COUNT V</u> -- <u>Violation of Michigan Consumer Protection Act</u>

## <u>(LFOOLLC & DFCU)</u>

49. Plaintiff incorporates the preceding allegations by reference.

50. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, DFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

51. LFOOLLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

52. LFOOLLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

b.   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

c.   Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

d.   Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

e.   Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

f. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

g. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

h. Causing coercion and duress as the result of the time and nature of a sales presentation.

i. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

53. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT VI -- Misrepresentation

### (LFOOLLC & DFCU)

54. Plaintiff incorporates the preceding allegations by reference.

55. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, DFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

56. The material representations were intended to induce the reliance of Plaintiff.

57. The material representations did induce the reasonable reliance of Plaintiff.

58. LFOOLLC made the material representations with actual knowledge of their falsity.

59. LFOOLLC made the material representations with reckless disregard to their truth or falsity.

60. LFOOLLC made the material representations even though it should have known that they were false.

61. These actions constitute a misrepresentation upon Plaintiff.

62. Plaintiff suffered damages as a result of this misrepresentation.

## COUNT VII -- Breach of Contract

## (LFOOLLC & DFCU)

63. Plaintiff incorporates the preceding allegations by reference.

64. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, DFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

65. LFOOLLC's tender of the performance did not conform as a result of the vehicle's odometer rollback which existed at the time of delivery.

66. The failure of LFOOLLC to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

67. Plaintiff suffered damages as a result of this breach of contract.

## JURY DEMAND

68. Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
      Adam G. Taub (P48703)
      Attorney for Wesly Beckman
      17200 West 10 Mile Rd. Suite 200
      Southfield, MI 48075
      Phone:  (248) 746-3790
      Email:   adamgtaub@clgplc.net

Dated:  April 1, 2026